CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 0 1 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KAREN CHANITA POWELL, | ) |
| Petitioner, | ) Civil Action No. 7:05CV00421 |
| v. | ) MEMORANDUM OPINION |
| BARBARA J. WHEELER, | ) |
| Respondent. | ) By: Samuel G. Wilson<br>) United States District Judge |

Karen Chanita Powell brings this 28 U.S.C. § 2254 petition, challenging her convictions for several counts of obtaining money by false pretenses. Powell claims that her counsel provided ineffective assistance and that her sentence exceeded applicable guidelines. The court finds that Powell's petition is untimely and that she has demonstrated no grounds for equitable tolling. Accordingly, the court dismisses Powell's petition.

**I.**

In the Circuit Court for Franklin County, after a court trial, Powell was convicted of six counts of obtaining money by false pretenses. The court sentenced Powell to a total of 21 months incarceration on June 7, 2002. Powell did not appeal. The record shows that Powell filed a habeas petition in the Franklin County Circuit Court on August 4, 2004, which the court dismissed on September 13, 2004. Powell then appealed the dismissal of her habeas petition to the Supreme Court of Virginia on January 3, 2005; the court dismissed the appeal as untimely on February 2, 2005. Powell filed this federal petition on April 25, 2005, in the Eastern District of Virginia; her case was transferred to this court on July 1, 2005. On July 7, 2005, the court advised Powell that her § 2254 petition appeared to be untimely and afforded her an opportunity

to amend her petition. Powell submitted an affidavit repeating the information and dates she had already provided the court.[1]

## II.

Powell did not meet the one-year statute of limitations for filing a federal habeas petition, and she has shown no grounds for equitable tolling of the § 2244 statute of limitations. The court, therefore, dismisses her petition. Powell had 365 days from July 7, 2002, the date her conviction became final,[2] to file her § 2254 petition.[3] Powell did not meet this July 7, 2003, deadline,[4] so her petition is barred unless she demonstrates to the court some grounds for

---

[1] This case has never been served on the respondent, and the court did not order a response. Nevertheless, the respondent did submit a response to Powell's affidavit. Because the court is dismissing Powell's petition sua sponte, the court has given the respondent's submission no consideration.

[2] Powell's conviction became final when her time for direct review expired, which was July 7, 2002, when she failed to file a notice of appeal within 30 days from the day the trial court entered her judgment of conviction. See 28 U.S.C. § 2244(d); Va. S. Ct. R. 5:9 (allowing 30 days for filing a notice of appeal from a decision of a circuit court).

[3] Under 28 U.S.C. § 2244(d), the one-year clock for a § 2254 petition begins to run on the latest date from the following list: "1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."
Here, Powell has alleged nothing to support the application of 2244(d) 2, 3, or 4, so the court finds the clock began to run on the date her conviction became final, July 7, 2002. See supra n 1.

[4] Because Powell had yet to file her state habeas petition by the close of this federal one-year statute of limitations, any tolling she might have accrued by filing a state habeas petition is irrelevant. See 28 U.S.C. § 2244(d).

2